# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-1041

———————————————

United States of America

*Plaintiff - Appellee*

v.

Antonio E. Wills

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: August 26, 2019
Filed: August 29, 2019
[Unpublished]

——————————

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

——————————

PER CURIAM.

Antonio Wills appeals after he pleaded guilty to a drug offense, under a plea agreement containing an appeal waiver, and the district court[1] sentenced him to a

———————————

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

within-Guidelines prison term. His counsel has moved for leave to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging Wills's classification as a career offender.

On appeal, Wills does not challenge the validity of the plea agreement or the appeal waiver. He challenges only his career offender classification, but this argument falls within the scope of the waiver and is thus foreclosed. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the waiver. Accordingly, we dismiss this appeal based on the appeal waiver, and we grant counsel's motion to withdraw.

_____